UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| ROBERT HERALD BARNETT, | ) | |
| | ) | Case No. 6:16-CV-00066-GFVT |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| LAUREL COUNTY, KENTUCKY, et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Inmate Robert Herald Barnett is confined at the Federal Correctional Institution - Beckley in Beaver, West Virginia.  Proceeding without an attorney, Barnett has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(b).  [R. 1; R. 2.]  The Court has reviewed the fee motion and will grant the request on the terms established by 28 U.S.C. § 1915(b).  Because Barnett has been granted *pauper* status in this proceeding, the separate $50.00 administrative fee is waived.  *See* District Court Miscellaneous Fee Schedule, § 14.

However, the Court must also conduct an initial screening of the complaint and dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A; *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010).  Upon this screening, the Court finds Plaintiff Barnett's complaint must be DISMISSED.

**I**

On April 29, 2015, Barnett was a federal prisoner being held in custody at the Laurel County Detention Center ("LCDC").  On that day, Barnett was to be transported to the federal

courthouse in London, Kentucky to attend an evidentiary hearing on his § 2255 motion to vacate his federal conviction.[1]  [R. 1-1 at 2.]  The facts set forth in the complaint state that Barnett, who is 74 years of age, was restrained by "black box" handcuffs, leg chains, and a belly chain during his transportation from LCDC to the London courthouse.  Barnett alleges that after the van arrived at the courthouse, neither of the two officers from LCDC assisted him with exiting the vehicle.  While exiting the van, Barnett fell to the ground and was injured.  [*Id*. at 4-7.]  Barnett states that, as a result of the fall, he suffered severe injuries to his head, neck, back, arms, and legs, and he was knocked unconscious.  Barnett was taken by helicopter to the University of Kentucky Medical Center where he remained for two days for treatment and observation.  He indicates that he continues to suffer headaches and back aches, and that he has limited use of the entire right side of his body.  [R. 1-1 at 8-9.]  One week after his fall, Barnett attended the rescheduled evidentiary hearing.  Barnett indicates that he did not file any inmate grievances regarding these events.  [R. 1 at 5-6.]

## II

Because Mr. Barnett has requested, and been granted, pauper status, the Court conducts an initial screening of his complaint and must dismiss the complaint if it fails to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B).  Here, the complaint must be dismissed for Barnett's failure to exhaust his administrative remedies.  In his complaint, Barnett acknowledges that he made no effort to exhaust his administrative remedies with either federal, state, or county authorities, stating "I [was] a federal prisoner being housed in a county detention

---

[1]  In 2010, Barnett was convicted of soliciting murder for hire, firearms possession, and use of a firearm during the commission of a crime of violence, and he was sentenced to forty years of imprisonment.  *See United States v. Barnett*, No. 5:09-CR-67-JMH-HAI (E.D. Ky. 2009) [R. 49; R. 58; R. 159; R. 163, therein.]

center located in London, KY.  I was simply being transported to the U.S. Courthouse for an evidentiary hearing and was not in the prison where I am serving my sentence."  [R. 1 at 5-6.] Unfortunately for Mr. Barnett, his apparent belief that his status as a prisoner in transport relieved him of the obligation to exhaust his administrative remedies prior to filing suit is mistaken.

Federal law provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Exhaustion is mandatory.  *Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory . . . and that unexhausted claims cannot be brought in court.").  Further, the requirement applies to any claim that arises out of any aspect of prison life, whether it involves general circumstances or particular episodes, and whether it alleges excessive force or some other wrong.  *See Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Barnett was a federal prisoner at the time of his fall, but he was temporarily housed in a county facility, the Laurel County Detention Center, so that he could attend his hearing in London.  Under these circumstances, Barnett was required to invoke the LCDC's inmate grievance program and exhaust all available remedies.  *See* 28 C.F.R. 542.10(b) (explaining the Bureau of Prison's inmate grievance program does not apply to federal inmates confined in non-federal facilities).  The LCDC's inmate grievance procedure was adopted pursuant to 501 K.A.R. § 3:140 and required Barnett to promptly file a grievance regarding these events.  *See* Jailer Jamie Mosley, *Inmate Orientation Manual*, *available at* http://www.laurelcorrections.com/ plugins/show_image.php?id=29 (last visited on April 27, 2016).  *See also Wiley v. Boone Co. Sheriff's Office*, No. 09-cv-98-WOB, 2009 WL 2390164, at 3 (E.D. Ky. Aug. 4, 2009) (finding a

prisoner who contracted tuberculosis at a county jail but was transferred to a federal facility in Oklahoma two days later was required to exhaust administrative remedies at the county facility).

Barnett acknowledges he made no effort to utilize the LCDC grievance system. Where a plaintiff admits in his complaint that he did not exhaust his administrative remedies before he filed suit, dismissal of his complaint is appropriate upon the Court's initial review. *See Jones*, 549 U.S. at 214-15 (explaining a district court can dismiss a complaint *sua sponte* when it is apparent from the face of the complaint that the claim is barred by an affirmative defense); *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) (where the complaint made clear that a prisoner failed to exhaust administrative remedies, district court could dismiss the complaint *sua sponte* for failure to state a claim); *Fletcher v. Myers*, No. 5:11-141-KKC (E.D. Ky. May 17, 2012), *aff'd*, No. 12-5630 (6th Cir. Jan. 4, 2013) ("Because Fletcher's failure to exhaust, or to attempt to exhaust, administrative remedies is apparent from the face of his complaint, the district court properly dismissed Fletcher's complaint on that basis.").

Because Barnett is no longer detained at LCDC and because any grievance filed a year after the incident in question would be untimely, the administrative remedy process is no longer available to him. Accordingly, Barnett's complaint should be dismissed with prejudice. *See Marsh v. Jones*, 53 F.3d 707, 710 (5th Cir. 1995) ("Without the prospect of a dismissal with prejudice, a prisoner could evade the exhaustion requirement by filing no administrative grievance or by intentionally filing an untimely one, thereby foreclosing administrative remedies and gaining access to a federal forum without exhausting administrative remedies."); *Berry v. Kerik*, 366 F. 3d 85, 88 (2d Cir. 2004) (dismissal with prejudice was proper where previously available administrative remedies had become unavailable). Nonetheless, Barnett must still pay the filing fee as set forth below. *See McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir.

4

1997), *overruled on other grounds* ("When an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan . . . [T]he Prison Litigation Act makes prisoners responsible for their filing fees the moment the civil action or appeal is filed . . . .").

### III

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1.      Plaintiff Robert Herald Barnett's motion to proceed *in forma pauperis* [R. 2] is **GRANTED**;

2.      On or before May 27, 2016, Barnett must pay **$36.67** to the Clerk of the Court as an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1)(A);

3.      The Clerk of the Court shall open an account in Barnett's name for receipt of the filing fee. The Clerk shall complete a Notice of Payment Form (Form EDKY 525) with (a) Barnett's name, (b) his inmate registration number, and (c) this case number. The Clerk shall serve a copy of this Order and the Notice of Payment Form upon the Warden of the institution in which Barnett is currently confined;

4.      After the initial partial filing fee is paid, each month Barnett's custodian shall send the Clerk of the Court a payment in an amount equal to twenty percent (20%) of his income for the preceding month out of his inmate trust fund account, but only if the amount in the account exceeds $10.00. The custodian shall continue such monthly payments until the entire $350.00 filing fee is paid. 28 U.S.C. § 1915(b)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 606 (6th Cir. 1997);

5.      Barnett's complaint [R. 1] is **DISMISSED**;

6.      The Court will enter an appropriate judgment contemporaneously herewith; and

7.      This matter is **STRICKEN** from the Court's active docket.

This the 3rd day of May, 2016.

Gregory F. Van Tatenhove
United States District Judge