UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| ROBERT HERALD BARNETT, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 6:16-CV-66-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| LAUREL COUNTY, KENTUCKY, et al., | ) | **&** |
| | ) | **ORDER** |
| Defendants. | ) | |

*** *** *** ***

This matter is before the Court on remand from the Sixth Circuit Court of Appeals. [R. 13.] For the reasons explained below, the Court concludes that this action must be dismissed for failure to exhaust administrative remedies. However, such dismissal must be without prejudice to the plaintiff's right to file a new complaint, which Barnett may do once he has properly exhausted his administrative remedies by completing the jail's grievance and appeals process.

Plaintiff Robert Herald Barnett is a federal inmate confined at the Federal Correctional Institution - Beckley in Beaver, West Virginia. On April 21, 2016, Barnett filed a pro se civil rights complaint against officers and staff at the Laurel County Detention Center ("LCDC"). Barnett alleged that on April 29, 2015, the staff and officers' lack of due care caused him to fall from a prisoner transport van and sustain significant injuries. [R. 1.] This Court dismissed the complaint upon initial screening based upon Barnett's candid acknowledgment that he had not attempted to exhaust his administrative remedies. [R. 5 at 2-4.] The Court further concluded that the dismissal must be with prejudice because the LCDC's grievance system was no longer

available to him, due to both the passage of time and his transfer out of that facility. [R. 5 at 4-5.]

On appeal, the Sixth Circuit agreed with the first conclusion but disagreed with the second. [R. 13.] LCDC's grievance policy used to require that grievances be filed "promptly following the incident," *Napier v. Laurel Cty., Ky.*, 636 F.3d 218, 222 (6th Cir. 2011), but that language was no longer part of its policy when Barnett was injured in 2015. The Sixth Circuit therefore remanded the action to this Court to either (1) clarify its basis for concluding that Barnett's grievances would be barred as untimely, (2) to dismiss the complaint without prejudice, or (3) to conduct further proceedings. [R. 13 at 4.] The Sixth Circuit has since issued its mandate [*see* R. 16], re-vesting this Court with jurisdiction to proceed.

As a preliminary matter, the Court must confess error in its original opinion regarding the timeliness requirement under LCDC's grievance policy. While the current policy plainly no longer includes such a requirement, *see* http://www.laurelcorrections.com/plugins/show_image.php?id=29 (Revised March 2, 2015), in Barnett's case the Court inadvertently relied upon the prior version described in the Sixth Circuit's *Napier* decision, which included a requirement that grievances be filed "promptly." *See Napier*, 636 F.3d at 222.

Shortly after the Sixth Circuit issued its decision, Barnett filed with the Court a copy of a grievance dated February 12, 2017, which he indicates was sent by certified mail to LCDC. Barnett therefore contends that he satisfied LCDC's grievance policy. [R. 14.] But a prisoner must exhaust his or her administrative remedies, in their entirety, *before* he files suit. "The prisoner . . . may not exhaust administrative remedies *during the pendency of* the federal suit." *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999) (emphasis added). Here, Barnett did not file his inmate grievance until February 2017—ten months *after* he filed this suit—and there is

2

nothing in the record to indicate that LCDC has responded to his grievance. Because Barnett's suit was premature when he filed it in April 2016, the appropriate course is to dismiss it without prejudice. This will permit Barnett to properly, and fully, exhaust his administrative remedies with LCDC. Once he has done so, he may file a new complaint asserting his claims.

In this regard, Barnett is advised that LCDC's grievance policy states that there shall be at least one level of appeal, and Barnett must complete that process as well to fully exhaust his remedies. Cf. *Liggett v. Mansfield*, 2009 WL 1392604, at *2-3 (E.D. Tenn. May 15, 2009) ("A prisoner who files a grievance but does not appeal to the highest possible administrative level, does not exhaust available administrative remedies.") (*citing Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999)).

Accordingly, the Court hereby **ORDERS** that:

1. Barnett's complaint [R. 1] is **DISMISSED WITHOUT PREJUDICE**;

2. The Court will enter an appropriate judgment contemporaneously herewith; and

3. This matter is **STRICKEN** from the Court's active docket.

This the 2nd day of June, 2017.

Gregory F. Van Tatenhove
United States District Judge